IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,875






EX PARTE JOSEPH MICHAEL STERLING, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 886600-A IN THE 185TH JUDICIAL DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.

 

O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of failure to register
as a sex offender and sentenced to twenty-seven years' imprisonment. The Seventh Court of
Appeals affirmed his conviction. Sterling v. Texas, No. 07-02-0183-CR (Tex. App. - Amarillo,
April 3, 2003, no pet.)

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
he failed to note that one of the prior convictions used to enhance Applicant's punishment range to
that of a habitual felony offender was not available for such use. 

 The trial court has determined that trial counsel was ineffective in that counsel allowed
Applicant to plead "true" at the punishment stage to the invalid enhancement, and that such
ineffective representation prejudiced Applicant in that the jury was instructed to sentence Applicant
under the incorrect punishment range. We find, therefore, that Applicant is entitled to a new
punishment trial in Cause No. 886600-A from the 185th Judicial District Court of Harris County. 
The sentence in that cause is set aside, and Applicant is remanded to the trial court for a new
sentencing trial. 

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: March 19, 2008

Do Not Publish